United States District Court
Southern District of Texas
FILED

JAN 3 0 2004

B-04-013

Michael N. Milby
Clerk of Court

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**(IF MOVANT HAS A SENTENCE TO BE SERVED IN THE FUTURE UNDER A FEDERAL JUDGMENT WHICH HE OR SHE WISHES TO ATTACK, THE MOVANT SHOULD FILE A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.)**

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL

CUSTODY

EXPLANATION AND INSTRUCTIONS—READ CAREFULLY

*(1) THIS MOTION MUST BE LEGIBLY HANDWRITTEN OR TYPEWRITTEN, AND SIGN BY* THE MOVANT UNDER THE PENEALITY OF PERJURY. ANY FALSE STATEMENT OF A MATERIAL FACT MAY SERVE AS THE BASIS FOR PROSECUTION AND CONVICTION FOR PERJURY. ALL QUESTION MUST BE ANSWERED CONCISELY IN THE PROPER SPACE ON THE FORM.

(2) ADDITIONAL PAGES ARE NOT PERMITTED EXCEPT WITH RESPECT TO THE FACTS WHICH YOU RELY UPON TO SUPPORT YOUR GROUNDS FOR RELIEF. NO CITATION OF *AUTHORITIES NEEDBE FURNISHED. IF BRIEFS OR ARGUMENTS ARE SUBMITTED, THEY SHOULD BE SUBMITTED IN THE FORM OF A SEPARATE MEMORANDUM.*

(3) UPON RECEIPT, MOTION WILL BE FILED IF IT IS IN PROPER ORDER. NO FEE IS *REQUIRED WITHIN THIS MOTION.*

(4) IF YOU DO NOT HAVE THE NECESSARY FUNDS FOR TRANSCRIPTS, COUNSEL, APPEAL, AND OTHER COST CONNECTED WITH A MOTION OF THIS TYPE, YOU MAY REQUEST PERMISSION TO PROCEED IN FORMA PAUPERIS, IN WHICH EVENT YOU MUST EXECUTE FORM AO 240 OR ANY OTHER FORM REQUIRED BY THE COURT, SETTING FORTH INFORMATION ESTABLISHING YOUR INABILITY TO PAY THE COSTS. IF YOU WISH TO PROCEED IN FORMA PAUPERIS, YOU MUST HAVE AN AUTHORIZED OFFICER AT THE PENAL INSTITUTION COMPLETE THE CERTIFICATE AS TO THE AMOUNT OF MONEY AND SECURITIES ON DEPOSIT TO YOUR CREDIT IN ANY ACCOUNT IN THE INSTITUTION.

(5) ONLY JUDGMENTS ENTERED BY ONE COURT MAY BE CHALLENGED IN A SINGLE

MOTION. IF YOU SEEK TO CHALLENGE JUDGMENTS ENTERED BY DIFFERERT JUDGES

OR DIVISIONS EITHER IN THE SAME DISTRICT OR DIFFERENT DISTRECTS, YOU MUST

FILE SEPARATE MOTIONS AS TO EACH SUCH JUDGMENTS.

*(6) YOUR ATTENSION IS DIRECTED TO THE FACT THAT YOU MUST INCLUDE ALL*

GROUNDS FOR RELIEF AND ALL FACTS SUPPORTING SUCH GROUNDS FOR RELIEF IN

THE MOTION YOU FILE SEEKING RELIRF FROM ANY JUDGMENT OF CONVICTION.

**(7)** WHEN THE MOTION IS FULLY COMPLETED. THE ORIGINAL AND AT LEAST TWO

COPIES MUST BE MAILED TO THE CLERK OF THE UNITED STATES DISTRECT COURT

WHOSE ADDRESS IS

(8) MOTIONS WHICH DO NOT CONFORM TO THESE INSTRUCTIONS WILL BE RETURNED

WITH A NOTATION AS TO THE DEFICIENCY.

**PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| *UNITED STATES DISTRICT COURT* | *DISTRICT* | |
|---|---|---|
| NAME OF MOVANT **ALFREDO GARCIA GONZALEZ** | PRISONER NO. **18069-179** | CASE NO: **1:02CR0050-001** |

PLACE OF CONFINEMENT: **INTERSTATE UNIT 1801 WEST I-20 BIG SPRING TX 79720**

---

*UNITED STATES OF AMERICA*          VS.  *ALFREDO GARCIA GONZALEZ*

(NAME UNDER WHICH CONVICTED)

## MOTION

1. NAME AND LOCATION OF COURT WHICH ENTERED THE JUDGMENT OF CONVICTION

UNDER ATTACK: **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
TEXAS BROWNSVILLE DIVISION**

2. DATE OF JUDGMENT OF CONVICTION UNDER ATTACK: **MARCH 3, 2003.**

3. LENGTH OF SSENTENCE: **57 MONTHS**

3

4 *NATURE OF OFFENCE INVOLVED (ALL COUNTS):* **8 U.S.C.§ 1326 (a) AND 1326 (b) ALIEN UNLAWFULLY FOUND IN THE UNITED STATES AFTER DEPORTATION, HAVING BEEN PREVIOUSLY CONVICTED OF AN AGGRAVATED FELONY**

5. WHAT WAS YOUR PLEA?   (CHECK ONE)

    (a)  NOT GUILTY

    (b)  GUILTY    **(X)**

    (c) NOLO CONTENERE

IF YOU ENTERED A GUILTY PLEA TO ONE COUNT OR INDICTMENT, AND NOT A GUILTY

PLEA TO ANOTHER COUNT OR INDICTMENT, GIVE DETAILS:

_____
_____
_____

6. IF YOU PLEADED NOT GUILTY, WHAT KIND OF TRIAL DID YOU HAVE?   (CHECK ONE)

    (a)  JURY

    (b) JUDGE ONLY

7. DID YOU TESTIFY AT TRIAL? YES___ NO___

8. DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION? YES___ NO: **(X)**

9. IF YOU DID APPEAL, ANSWER THE FOLLOWING:

  (a)  NAME OF COURT ----------------------------------------------------------------------------

  (b) *RESULT* --------------------------------------------------------------------------------------

  (c) DATE OF RESULT --------------------------------------------------------------------------

10. OTHER THAN A DIRECT APPEAL FROM THE JUDGMENT OF CONVICTION AND

SENTENCE, HAVE YOU PREVIOUSLY FILED ANY PETITIONS, APPLICATIONS, OR

MOTIONS WITH RESPECT TO THIS JUDGMENT IN ANY OTHER FEDERAL COURT?

YES____  NO:  **(X)**

11. IF YOUR ANSWER TO 10 WAS "YES," GIVE THE FOLLOWING INFORMATION:

  (a)  (1) NAME OF COURT----------------------------------------------------------------------

    (2) NATURE OF PROCEEDING----------------------------------------------------------
_____

    (3) GROUNDS RAISED--------------------------------------------------------------------
_____
_____

_____

_____

*(4) DID YOU RECEIVE AN EVIDENTIARY HEARING ON YOUR PETITION,*

APPLICATION, OR MOTION? YES___ NO___

*(5) RESULT*------------------------------------------------------------------

*(6) DATE OF RESULT*------------------------------------------------------

(b) AS TO ANY SECOND PETITION, APPLICATION, OR MOTION GIVE THE SAME

*INFORMATION:*

(1) NAME OF COURT------------------------------------------------------

(2) NATURE OF PROCEEDING------------------------------------------

_____

(3) GROUNDS RAISED------------------------------------------------------

------------------------------------------------------------------------------

------------------------------------------------------------------------------

------------------------------------------------------------------------------

------------------------------------------------------------------------------

(4) DID YOU RECEIVE AN EVIDENTIARY HEARING ON YOUR PETITION, APPLICATION, OR

MOTION? YES___ NO___

(5) RESULT------------------------------------------------------------------------

*(6) DATE OF RESULT*------------------------------------------------------------------

(c) DID YOU APPEAL, TO AN APPLELLATE FEDERAL COURT HAVING JURISDICTION,

THE RESULT OF ACTION TAKEN ON ANY PETITION, APPLICATION, OR MOTION?

*(1) FIRST PETITION, ETC.*     YES___ NO___

(2) SECOND PETITION, ECT.     YES___ NO___

(b) IF YOU DID NOT APPEAL FROM THE ADVERSE ACTION ON ANY

(c) PETITION APPLICATION OR MOTION, EXPLAIN BRIEFLY WHY YOU DID NOT:

_____

_____

_____
_____
_____
_____
_____

12. STATE CONCISELY EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING
*HELD IN VIOLATION OF THE CONSTITUTION, LAWS OF TREATIES OF THE UNITED*
STATES. SUMMARIZE BRIEFLY THE FACTS SUPPORTING EACH GROUND. IF
NECESSARY, YOU MAY ATTACH PAGES STATING ADDITIONAL GROUNDS AND FACTS
SUPPORTING THE SAME.

CAUTION:  IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE  BARRED FROM
PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.

FOR YOUR INFORMATION, THE FOLLOWING IS A LIST OF THE MOST FREQUENTLY RAISED
GROUNDS FOR RELIEF IN THESE PROCEEDINGS. EACH STATEMENT PRECEDED BY A
LETTER CONSTITUTES A SEPARATE GROUND FOR POSSIBLE RELIEF  YOU MAY RAISE ANY
GROUNDS, WHICH YOU MAY HAVE OTHER THAN, THOES LISTED. HOWEVER, YOU
 SHOULD
RAISE IN THIS MOTION ALL AVAILABLE GROUNDS (RELATING TO THE CONVICTION) ON
WHICH YOU BASE YOUR ALLEGATIONS THAT YOU ARE BEING HELD IN CUSTODY
UNLAWFULLY.
DO NOT CHECK ANY OF THESE LISTED GROUNDS. IF YOU SELECT ONE OR MORE OF THESE
GROUNDS FOR RELIEF, YOU MUST ALLEGE FACTS THE MOTION WILL BE RETURNED TO
*YOU IF YOU MERELY CHECK (a) THROUGH (j) OR ANY ONE OF THE GROUNDS*

       (a)  CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY
       INDUCED OR NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE
       NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA
       (b)  CONVICTION OBTAINED BY USE OF COERCED CONFESSION.

(c)  CONCICTION OBTAINED BY USE OF EVIDENCE GAINED PURSUANT TO AN

UNCONSTITUTIONAL SEARCH AND SEIZURE

(d)  CONVICTION OBTAINED BY EVIDENCE OBTAINED PURSUANT TO AN

UNLAWFUL ARREST

(e)  CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE AGAINST SELF-

INCRIMINATION.

(f)  CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE

PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO

THE DEFENDANT

(g)  CONVICTION OBTAINED BY A VIOLATION OF THE PROTECTION AGAINST
*DOUBLE JEOPARDY.*

(h)  CONVICTION OBTAINED BY ACTION OF A GRAND OR PETIT JURY WHICH WAS

*UNCONSTITUTIONALLY SELECTED AND IMPANELED.*

(i)  *DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.*

(j)  DENIAL OF RIGHT TO APPEAL.

A. GROUND ONE:  **DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNCEL. COUNCEL
KNOWN OR SHOULD HAVE KNOWN AND ARGUED THAT UNDER RESENT SUPREMR
COURT LAW THAT THE MAXIMUM PELANTY TO THIS CASE IS TWO YEARS.**

SUPPORTING FACTS (STATE BRIEFLY WITHOUT CITING CASES OR LAW) **SEE
MEMORANDUM**

_____
_____
_____
_____
_____


B. GROUND TWO: :  **DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNCEL. COUNCEL
KNEW OR SHOULD HAVE KNOWN OF THE 9TH CIR. RULING IN UNITED STATES VS.
PACHECO-MEDINA 212 F. 3d 1162 (9TH CIR. 2000).**

SUPPORTING FACTS (STATE BRIEFLY WITHOUT CITING CASES OR LAW)
**SEE MEMORANDUM**

_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____

C. GROUND THREE: _____
_____

_SUPPORTING FACTS (STATE BRIEFLY WITHOUT CITING CASES OR LAW)_ _____
_____
_____
_____
_____
_____
_____

_D. GROUND FOUR:_ _____
SUPPORTING FACTS (STATE BRIEFLY WITHOUT CITING CASES OR LAW) _____
_____
_____
_____
_____
_____
_____

13. IF ANY OF THE GROUNDS LISTED IN 12A, B, C, AND D WERE NOT PREVIOUSLY

PRESENTED, STATE BRIEFLY WHAT GROUNDS WERE NOT SO PRESENTED, AND GIVE

YOUR REASON FOR NOT PRESENTING THEM: _____
_____
_____
_____
_____

14. *DO YOU HAVE ANY PETITION OR APPEAL NOW PENDING IN ANY COURT AS TO THE*

JUDGMENT UNDER ATTACK?                                  YES------- NO **(X)**

15. GIVE THE NAME AND ADDRESS, IF KNOWN, OF EACH ATTORNEY WHO REPRESENTED

   YOU IN THE FOLLOWING STAGES OF JUDGMENT ATTACKED HEREIN:

   (a)  AT PRELIMINARY HEARING: **ALBERT B. PULLEN**

   _____

   (b) AT ARRAIGNMENT AND PLEA: **ALBERT B. PULLEN**

   _____

   (c)  AT TR*AL* **ALBERT B. PULLEN**
   _____

   (d) *AT SENTENCING :* **ALBERT B. PULLEN**

   _____

   (e) ON APPEAL _____

   _____

       (f)  IN ANY POST-CONVICTION PROCEEDING _____

   _____

       (g)  ON APPEAL FROM ANY ADVERSE FILING A POST-CONVICTION

       *PROCEEDING* _____

16. WERE YOU SENTENCED ON MORE THAN ONE COUNT OF AN INDICTMENT, OR ON MORE

THAN ONE INDICTMENT, IN THE SAME COURT AND AT APPROXIMATELY THE SAME TIME?

YES------- *NO* **(X)**

17. DO YOU HAVE ANY FUTURE SENTENCE TO SERVE AFTER YOU COMPLETE THE

SENTENCE IMPOSED BY THE JUDGMENT UNDER ATTACK?      YES------- NO (X)

   (a)  *IF SO, GIVE NAME AND LOCATION OF COURT WHICH IMPOSED SENTENCE TO BE*

   SERVED IN THE FUTURE: _____

   _____

   (b)  *GIVE DATE AND LENGTH OF THE ABOVE SENTENCE:* _____

(c)  HAVE YOU FILED, OR DID YOU CONTEMPLATE FILING, ANY PETITION

*ATTACKING THE JUDGMENT WHICH IMPOSED THE SENTENCE TO BE SERCED IN*

*THE FUTURE?  YES___ NO (X)*

WHEREFORE, MOVANT PRAYS THAT THE COURT GRANT PETITIONER RELIEF TO

WHICH HE OR SHE MAY BE ENTITLED IN THIS PROCEEDING.

SIGNATURE OF ATTORNEY (IF ANY)---------------------------------

*I DECLARE UNDER PENALITY OF PREJURY THAT THE FOREGOING IS TRUE AND CORRECT.*

EXCUITED ON _January 14, 2004_
                            DATE

**ALFREDO GARCIA GONZALEZ**

SIGNATURE OF MOVANT-*Alfredo Garcia Gonzales*

*UNITED STATES DISTRICT COURT*
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| *ALFREDO GARCIA GONZALEZ,* | § | **CASE NO. 1:02-CR-00505-001** |
| **MOVANT / PETITIONER,** | § | |
| | | **MOTION TO VACATE, SET ASIDE** |
| VS. | § | **AND CORRECT SENTENCE** |
| *UNITED STATES OF AMERICA,* | § | **PURSUANT** |
| | § | *TO 28 U.S.C § 2255* |

**COMES NOW PETITIONER**, ALFREDO GARCIA GONZALEZ, ACTING IN PROPRIA PERSONA, RESPECTFULLY MOVES THIS HONORABLE COURT TO VACATE, SET ASIDE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. THIS MOTION IS SUPPORT BY THE ATTACHED STATEMENTS AND AUTHORITIES.

**RESPECTFULLY SUBMITTED THIS <u>14TH</u> DAY OF <u>JANUARY 2004</u>.**

**ALFREDO GARCIA GONZALEZ**

**REG. NO. 18069-179**

**INTERSTATE UNIT**

*1801 WEST I-20*

**BIG SPRING TEXAS 79720**

## INTRODUCTION

ON MARCH, 3TH 2003 MR. ALFREDO GARCIA GONZALEZ, WAS SENTENCE TO 57 MONTHS IMPRISONMENT FOR ILLEGAL REENTRY. AN ILLEGAL ALIEN FOUND IN THE UNITED STATES FOLLOWING DEPORTATION, IN VIOLATION OF 8 U. S. C. § 1326 WHICH RESULTING IN THE DEFENDANT RECEIVING 57 MONTHS. THE DEFENDANT MR. GONZALEZ CONTENDS THAT UNDER RESENT SUPREME COURT LAW THE MAXIMUM TERM OF IMPRISONMENT SHOULD BE (2) TWO YEARS.

DEFENDANT, ALFREDO GARCIA GONZALEZ, RESPECTFULLY REQUESTS THAT THIS COURT DOWNWARD DEPART ON THE GROUNDS MR. GONZALEZ HAS ASSIMILATED INTO THE UNITED STATES. HE KNOWS THAT HE IS NOT SUPPOSED TO BE IN THIS COUNTRY BUT CAME BECAUSE IN THE UNITED STATES IS THE ONLY PLACE HE CAN FIND A JOB TO PROVIDE FOR HIS (4) FOUR CHILDREN (1) AMERICAN BOY (16YRS.) SIXTEEN, AND (3) THREE IN MEXICO (2) TWO GIRLS, (19) & (18YRS.) (1) ONE BOY 20 YRS. UNITED STATES IS THE ONLY PLACE HE CAN FIND WORK. WITH ALL RESPECT MR. GONZALEZ SUBMITS THAT A SENTENCE OF 24 MONTHS IS SUFFICIENT TO ACHIEVE THE PURPOSES OF A SENTENCE: INCAPACITATION, DETERRENCE AND REHABILITATION. THIS WOULD BE A SENTENCE SIMILAR TO THE OTHER DISTRICT COURTS. NO ADDITIONAL LEGITIMATE PURPOSE WILL BE ACHIEVING BY IMPOSING A GREATER SENTENCE.

## A.
## DEFENDANT'S POSITION
## THE PROPRIETY OF
## DEPARTURE IN GENERAL

ONCE THE GUIDE LINE RANGE IS COMPUTED, THE COURT SHOULD DEPART FROM THE GUIDE LINE RANGE IF "(t) HERE EXITS AN AGGRAVATING OR MITIGATING CIRCUMSTANCE OF A KIND, OR TO A DEGREE, NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE SENTENCING COMMISSION IN FORMULATING THE GUIDE LINES." **18 U.S.C. 3553 (b).** FURTHERMORE, THE COURT SHOULD NEVER IMPOSE A SENTENCE GREATER THAN NECESSARY TO:

(A) REFLECT THE SERIOUSNESS OF THE OFFENCE, PROMOTE RESPECT FOR THE LAW, AND PROVIDE A JUST PUNISHMENT,

(B) AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT,

(C) PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT, AND

(D) PROVIDE THE DEFENDANT WITH NEEDED TRAINING, CARE, AND TREATMENT,

**18 U. S. C. 3553 (a').**

THE SUPREME COURT HAS TAKEN A VERY BROAD VIEW OF TRIAL COURT'S POWER TO DEPART FROM THE GUIDELINES, AND A VERY NARROW VIEW OF THE GROUNDS IN WHICH ARE PRECLUDED AS A MATTER OF LAW, RECOGNIZING THAT POTENTIAL DEPARTURE FACTORS *"CANNOT, BY THEIR VERY NATURE, BE COMPREHENSIVELY LISTED AND ANALYZED IN ADVANCE" UNITED STATES V. KOON, 116 S. CT. 2035 (1966). MR. GONZALEZ SUBMITS THAT THE FOLLOWING GROUNDS ADVANCED FOR DOWNWARD DEPARTURE ARE PERMISSIBLE UNDER KOON, AND ARE OUTSIDE THE HEARTLAND OF TYPICAL CASE, AND THAT THESE GROUNDS, INDIVIDUALLY OR IN COMBINATION, WARRANT A DEPARTURE FROM THE CALCULATED GUIDELINE RANGE.*

14

## MR. ALFREDO GARCIA GONZÁLEZ
## CULTURAL ASSIMILATION

MR. **GONZALEZ** HAS BEEN IN THIS COUNTRY PRACTICALLY HALF HIS
ENTIRE LIFE, AND HAS A SON IN THE UNITED STATES. WHO IS U. S.
BORN. THUS, MR. **GONZALEZ** HAS SPENT THE BETTER PART OF HIS LIFE
IN THE UNITED STATES AND TO A LARGE EXTEND HE HAS
"ASSIMILATED" WELL INTO THIS COUNTRY.

THE ISSUE OF "CULTURAL ASSIMILATION: WAS ADDRESSED RECENTLY
BY THE NINTH CIRCUIT IN THE **UNITED STATES V. LIPMAN, 133 F.3d 726
(9th. CIR. 1998). IN LIPMAN, THE NINTH CIRCUIT DEALT WITH THE ISSUE**
OF THE ASSIMILATION OF AN INDIVIDIUAL INTO AMERICAN SOCIETY BY
THE LENGTH OF HIS LEGAL RESIDENCY OVER TIME. THE ARGUMENT
PUT FORTH WAS THAT THE CULTURAL ASSIMILATION MITIGATES THE
CULPABILITY IN THAT THE REENTRY WAS MOTIVATED BY CULTURAL,
EMOTIONAL AND PSYCHOLOGICAL TIES, RATHER THAN THE MERE BASE
ECONOMIC MOTIVE OR INTENTION TO COMMIT FURTHER CRIMINAL
ACTS.

        THE **LIPMAN** COURT HELD THAT CULTURAL ASSIMILATION DOES
PROVIDE A BASIS FOR THE DISTRICT COURT TO DEPART UNDER
**U.S.S.G. §5K2.O.** SPECIFICALLY, THE NINTH CIRCUIT STATED:
CULTURAL ASSIMILATION MAY BE RELEVANT TO SENTENCING UNDER
**U.S.S.G. SECTION 2L1.2** IF A DISTRICT COURT FINDS THAT A
*DEFENDANT'S UNUSUAL CULTURAL TIES TO THE UNITED STATES
RATHER THAN ORDINARY ECONOMIC INCENTIVES-PROVIDED THE
MOTIVATION FOR THE DEFENDANT'S ILLEGAL REENTRY OR CONTINUED
PRESENCE IN THE UNITED STATES. CULTURL ASSIMILATION MAY ALSO*
BE RELEVANT TO THE CHARACTER OF A DEFENDANT SENTENCE UNDER
**U.S. S. G. SECTION 2L1.2** INSOFAR AS HIS CULPABILITY MIGHT BE
LESSENED IF HIS MOTIVE WERE FAMILIAR OR CULTURAL RATHER THAN
ECONOMIC. THUS UNLIKE THE GENERAL TREAT OF DEPORTATION,

*CULTURAL ASSIMILATION IS A FACT-SPECIFIC GROUND FOR DEPARTURE THAT MAY SPEAK TO AN INDIVIDUAL DEFENDANT'S OFFENCE, HIS CONDUCT AND HIS CHARACTER, AND NOT JUST TO FUTURE EVENTS UNRELATED TO THE DEFENDANT'S INDIVIDUAL CIRCUMSTANCES.*

### LIPMAN, 133 F .3d AT 731

THE **LIPMAN** COURT HELD THAT IT WAS PERMISSIBLE FOR THE DISTRICT COURT TO GRANT A DOWNWARD DEPARTURE ON CULTURAL ASSIMILATION. MR. **GONZALEZ** CAME BACK TO THIS COUNTRY BECAUSE THIS IS THE ONLY PLACE HE CAN FIND WORK TO PROVIDE FOR HIS FAMILY. HE HAS NOT SUSTAINED ANY NEW CRIMINAL CONVICTIONS SINCE HIS LAST DEPORTATION. THE DEFENDANT SUBMITS THAT THESE FACTS WARRANT A DOWNWARD DEPARTURE FROM THE CALCULATED SENTENCE RANGE.

### UNDER RECENT SUPREME COURT LAW, THE MAXIMUM PENALTY APPLICABLE TO THIS CASE IS TWO YEARS

ON JUNE 28, 2000, THE UNITED STATES SUPREME COURT DECIDED **APPRENDI V. NEW JERSEY**, ---U. S. ---, **120 S. CT. AT 2348 (2000)**, AND A *FIVE—JUSTICE MAJORITY OF THE COURT HELD THAT A FACT, OTHER THAN A PRIOR CONVICTION, THAT INCREASES THE STATUTORY MAXIMUM OF AN OFFENCE IS AN ELEMENT OF THAT OFFENCE.* ---**U.S. AT----; 120 S CT. AT 2362—63 (STEVENS, J., CONCURRING).** **APPRINDI** CALLS INTO QUESTION THE CONTINUING VALIDITY OF **ALMENDAREZ- TORRES V. UNITED STATES, 523 U. S. 224 (1998).** **AIMENDAREZ- TORRES** *INVOLVE A DEFENDANT CHARGED – LIKE MR.* **GONZALEZ** *– WITH VIOLATING 8 U. S. C. §1326 SUBSECTION (b) (2) OF THE STATUE PROVIDES FOR A TWENTY – YEARS MAXIMUM PENALTY. THE TWENTY YEARS MAXIUM IS TRIGGERED WHEN THE DEFENDANT HAD SUFFERED THE CONVICTION OF AN AGGRAVATED FELONY (AS DIFINED IN 8 U. S. C. §1326 (b) (2). IN ALMENDAREZ—TORRES, THE SUPEREME COURT HELD THAT THE GOVERNMENT NEED NOT CHARGE A*

DEFENDANT WITH VIOLATING A SPECIFIC SUBSECTION OF 8 U. S. C. §1326, BECAUSE THE PRIOR CONVICTION OF DEFENDANT CHARGED UNDER THAT STATUE ARE SENTENCING FACTOR, NOT ELEMENT OF THE OFFENCE. 523 U. S. AT 247.

IN UNITED STATES V. PACHECO—ZEPEDA, ----F .3d----, 2000 WL 1781662 (9TH, CIR. DEC.6, 2000), THE DEFENDANT READ APPRENDI TO LIMIT ALMENDAREZ—TORRES TO IT'S FACTS. SPECIFICALLY, THE DEFENDANT ARGUE THAT APPENDI'S REASONING, AS WELL AS ITS EXPLICATION OF ALMENDAREZ—TORRES, SHOWED THAT THE SUPREME COURT'S DECISION IN ALMENDAREZ--- TORRES, WAS GROUNDED IN THE FACT THAT THE DEFENDANT IN THAT CASE HAD ADMITTED HIS PRIORS AT HIS CHARGE OF PLEA PROCEEDING. THE NINTH CIRCUIT DISAGREED, HOLDING THAT APPRENDI NEITHER OVERRULES ALMENDAREZ--- TORRES NOR LIMITS IT TO ITS FACTS. NOTHING, HOWEVER, THAT THE SUPREME COURT IN APPRENDI HAD EXPRESSED SERIOUS RESERVATIONS ABOUT ALMENDAREZ--- TORRES, THE NINTH CIRCUIT OBSERVED THAT APPRENDI "CASTS DOUBT ON THE CONTINUING VIABILITY OF ALMENDAREZ--- TORREZ" AND STATE THAT ALMENDAREZ---TORREZ " MAY EVENTUALLY BE OVERRULE" id AT *3. A PETITION, FOR WRIT OF CERTIORARI IS BEING PREPARED IN PACHECO--- ZAPEDA, AND SIMILAR PETITIONS HAVE BEEN FILED IN OTHER CIRCUIT. MR. GONZALEZ UNDERSTANDS THAT THE NINTH CIRCUIT HAS SPOKEN ON THE ISSUE, BUT NEVERTHELESS, HE SEEKS TO PRESERVE IN THE EVENT THAT THE SUPREME COURT GRANT ONE OF THE PETITIONS AND EITHER LIMITS OR OVERRULES ALMENDAREZ--- TORRES.

## MEMORANDUM IN SUPPORT OF §2255

A PRISONER, IN CUSTODY UNDER SENTENCE OF A COURT
ESTABLISHED BY ACT OF CONGRESS CLAMING THE RIGHT TO BE
RELEASE UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN
VIOLATION OF THE CONSTITUTION OR LAW OF THE UNITED STATES, OR
THAT THE COURT WAS WITH OUT JURISDICTION TO EMPOSED SUCH
SENTENCE, OR THAT THE SENTENCE WAS IN EXCESS OF THE MAXIMUM
AUTHORIZED BY LAW, MAY MOVE THE COURT WHICH IMPOSED THE
SENTENCE TO VACATE, SET ASIDE OR CORRECT THE SENTENCE. MR.
**ALFREDO GARCIA GONZALEZ** RESPECTFULLY SO MOVES THE COURT.
THE BASIC FOR MOVANT'S PETITION FOR FELIEF IS THAT HE DID NOT
RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY
THE SIX AMENDMENT OF THE UNITED STATES CONSTITUTION.
SPECIFICALLY, MOBVANT ASSERTS THAT HIS ATTORNEY KNEW OR
SHOULD HAVE KNOWN OF THE NINTH CIRCUIT RULING IN **UNITED
STATES V. PACHECO—MEDINA, 212 F. 3d 1162 (9TH CIR.2000)**, A CASE
OPPISITE TO THAT OF MOVANT, WHEREIN IT WAS RULED THAT A
DEFENDANT THAT CAPTURED WHILE CLOSE TO THE BORDER AND
NEVER FREE FROM OFFICIAL RESTRAINT DID NOT COMMIT THE CRIME
OF ILLEGAL REENTRY, IN VIOLATION OF TITLE **8 U. S. C. §1326 (a.)**.
MOVANT'S CASE AND THE CIRCUMSTANCES OF HIS ARREST ARE
VIRTUALLY INDISTINGUISHABLE FROM THAT CASE AND IT IS MOVAN'S
POSITION THAT HE DID NOT COMMIT THIS CRIME. **ALFREDO GARCIA
GONZALEZ** RESOECTFULLY SUMMIT THAT HIS ATTORNEY WAS
INEFFECTIVE THROUGH HIS FAILURE TO HAVE THE CHARGE DIAMISSED.
AS A RESULTS MOVANT SUFFERED PREJUDICE THRU HIS ATTORNEY
INSISTANCE THAT HE SIGN A PLEA AGREEMENT WHERE BY HE
RECEIVED FIFTY SEVEN MONTHS IMPROSONMENT FOR THE CRIME

ILLEGAL REENTRY, A CRIME WHICH ... AS SHALL BE SEEN ... HE DID NOT COMMIT. HIS ATTORNEY WAS BY DEFINITION INEFFECTIVE.

MR. **ALFREDO GARCIA GONZALEZ** WAS CHARGE WITH VIOLATION OF **8 U. S. C. §1326(A) AND (b).** ILLEGAL REENTRY FALLOWING DEPORTATION. REPORTS GENERATED BY ARRESTING LAW ENFORCEMENT OFFICIALS INDICATED THAT THE DEFENDANT WAS CAUGHT ATTEMPTING ENTERING THE UNITED STATES AT BROWNSVILLE, TEXAS, IN THE RIVER PORT OF ENTRY ON AUGUST 23, 2002. YET THOSE SAME REPORTS INDICATED THAT THE DEFENDANT DID NOT MANAGE TO "ENTER" THE UNITED STATES, BECAUSE HE WAS NEVER ENTERELY FREE FROM OFFICIAL RESTRAINT AND HAD NO HOPE OF ESCAPING INTO THE GENERAL POPULATION.  A RECENT NINTH CIRCUIT DECISION HAS ESTABLISH EXACTLY WHAT CONSTITUTES ILLIGAL RE-ENTRY PURSUANT TO TITLE **8 U.S.C.  §1326 (a),** AND IT IS APPARENT FROM THE REPORTS GENERATED BY ARRESTING OFFICIALS IN THIS CASE THAT MR. **ALFREDO GARCIA GONZALEZ** DID NOT MANAGE TO COMMIT THIS CRIME.

IN ODER TO RECOGNIZE THE VALIDITY OF MOVANT ASSERTIONS IT MUST FIRST EXAMINE THE OFFENCE CONDUCT.  AS THE COURT BEGINS TO CONSIDER WHETHER MR. **ALFREDO GARCIA GONZALEZ** COMMITTED A CRIME, IT MUST DO SO WITH THE KNOWLEDGE THAT HE WAS AN ALIEN, WHO HAD BEEN REMOVED FROM THE COUNTRY AND HE HAD AGAIN SET FOOT ON UNITED STATES SOIL.  IT IS ALSO CLEAR THAT IT IS A CRIME FOR AN ALIEN TO ENTER, ATTEMPT TO ENTER, OR "AT ANY TIME (BE) FOUND IN" THE UNITED STATES AFTER HAVING ONCE BEEN DEPRTED FROM THIS COUNTRY. **8 U.S.C. §1326 (a).** THUS, A GENERAL READING WOULD SUGGEST THAT MR, **ALFREDO GARCIA GONZALEZ** DID COMMIT THE CRIME BECAUSE HE SURELY LEFT MEXICO FOR THE UNITED STATES, HE JUST WAS FOUND ON OUR SOIL AFTER HE CAME OVER THE BOARDER BRIDGE. BUT AS A MATTER OF LAW IT IS NOT THAT QUITE EASY BECAUSE PHYSICAL PRESENCE IS NOT ENOUGH.  THAT IT

MUST CLEARLY SHOWN IN THE CONCEPT OF "ENTRY" A CONCEPT
WHICH HAS A LONG JUDICIAL HISTORY, AS THE SUPREME COURT HAS
POINTED OUT " (T) HE DEFINITION OF "ENTRY" AS APPLIED FOR
VARIOUS PURPOSES IN OUR IMMIGRATION LAWS WAS INVOLVED
JUDICIALLY" **ROSENBERG V, FLUETI 374 U.S. 449, 453, 83 S.CT.1804, 1807,
10 L. ED. 2D 1000 (1963.)** THE DEFINITION DID NOT ENTER THE
IMMIGRATION STATUS UNTIL **1952. SEE, ID.** THE MOTION WAS
EXPRESSED IN A **1908** CASE WHERE ALIENS HAD CROSSED THE
BORDER AND PRECEDED FOR A QUARTER OF MILE ALONG RAILROAD
TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE OF BORDER
INSPECTORS FROM BEFORE THE TIME THEY CROSSED UNTIL THEIR
ACTUAL PHYSICAL CAPTURES. SEE, **EX PARTE CHOW CHOK, 161 F. 627,
628-29 (N.D.N.Y.), AFF D., 1021 (CIR. 1908).** THE COURT SAID THAT THE
ALIENS HAD NOT ENTERED AT ALL. ON THE COUNTRARY:

"THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN THE
MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE MEAR ACT OF
CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN THE SENSE OF THE
LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE
THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT
LARGE AND AT WIIL WITHIN, THE UNITED STATES. THESE PERSONS, ON ENTERING,
WERE AT ONCE SURROUNDED BY OFFICERS, SILENTLY TAKEN IN CHARGE, IN EFFECT
ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY AND
PREVENTED FROM GOING AT LARGE WITHIN THE UNITED" STATES."

**Id. AT 630** SEE ALSO, **ZHANG V. STATTERY 55 F. 3d 732, 754, 755, (2ⁿᵈ CIR.
1995); C0RREA V. THORNBURGH, 901 F. 2d 1166, 1171-72 (2ᴺᴰ. CIR.1980)**
. THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME.
SEE, **MATTER OF PIERRE 141. & N. DEC. 467 (1973).** IN THAT CASE THE
**BIA** MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE
SAID TO HAVE ENTERD, **AN ALIEN MUST BE FREE FROM RESTRAINT.**
**SEE, ID, AT 468.** MORE PARTYCULARLY, "(t) HE RESTRAINT MAY TAKE
THE FORM OR SURVEILLANCE UNBEKNOWNST TO THE ALIENS; HE HAS
STILL NOT MADE AN ENTRY DESPITE HAVING BEEN CROSSED THE
BORDER WITH THE INTENSION OF EVADING INSPEVTIONS, BECAUSE HE

LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE
POPULATION" Id. **AT 469**. THE THEME HAS ALSO BEEN USED BY OTHER
CIRCUITS. SEE **YI YANG V. MAUGANS, 68 F. 3d 1540, 1549-50 (3rd. CIR.
1995), UNITED STATES V. KAVASANJIAN, 623 F. 2d 730, 736-37 (1st .CIR.
1980).**

THE NINETH CIRCUIT HAS DEAL EXTENSIVELY WITH CASES LIKE THE
CASE AT BAR. **UNITED STATES V. OSCAR 496 F2d 492 (9TH. CIR. 1974)**
DEAL WITH ILLEGAL REENTRY WITH REGARD TO PRIMARY AND
SECONDARY INSPECTION POINTS. **UNITED STATES V. MARTIN
PLASCENCIA, 532 F, 2d 1316 (9TH. CIR.1976)**, *EXAMINE THE CASE OF AN
ALIEN WHO NOT ONLY MANAGE TO GET OVER THE FENCE BUT FOR A
TIME OUT OF DIRECT SIGHT OF IMMIGRATION OFFICIALS. AND **UNITED
STATES V. AGUILAR, 883 F2d 662 (9TH. CIR. 1989)**, ADDRESS A SCENARIO
WHERE THE ALIEN WAS UNDER AN EXTENDED PERIOD OF
SURVEILLANCE BUT THE MOST DEFINITIVE RULING, ISSUED MONTHS
AGO, IS PERHAPS MOST OPPOSITE TO CAPTION CASE.*

IN **UNITED STATES V. PACHECO- MEDINA, 212 F. 3d 1162 (9TH. CIR. 2000),**
*IT WAS RULED THAT A DEFENDANT, WHO WAS CAPTURED WITHIN A FEW
YARDS OF THE BORDER ARTER CLIMBING AN INTERNATIONAL
BOUNDARY FENCE DID NOT ACTUALLY MANAGE TO "ENTER" THE
UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEEN
FOUND IN THE UNITED STATES AFTER HE HAS BEEN DEPORTED...
BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL
RESTRAINT* Id. **AT 1163-66.**

APPENDED HERETO ARTE THE ARREST REPORTS, WHICH DESCRIBE
THE CIRCUMSTANCES OF MR. **ALFREDO GARCIA GONZALEZ** ARREST BY
LAW ENFORCEMENT ORRICIALS. IT CAN BE SEEN THAT THE
CIRCUMSTANCES OF HIS ARREST DO NOT DIFFER SIGNIFICANTLY FROM
THOSE OF **PACHECO—MEDINA**, CASE IN SALIENT DETAIL. MR. **ALFREDO
GARCIA GONZALEZ** WAS NEVER FREE FROM OFFICIAL RESTRAINS, IN
LEGAL CONTEMPLATION HE DID NOT **"ENTER"** THE UNITED STATES, AND

IN ACCORDENCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN THE ARREST REPORTS TO SUPPORT A CONVICTION OF ILLEGAL REENTRY.

THE **PACHECO- MEDINA** DECISION WAS FILED **MAY 16TH, 2000**. MOVANT WAS SENTENCE **MARCH 3TH, 2003**. MOVANT'S ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THIS RULING AND ITS APPLICABILITY TO MR. **ALFREDO GARCIA GONZALEZ**

GIVEN THE CIRCUMSTANCES OF MOVANT'S ARREST, THIS ATTORNEY SHOULD HAVE MOVE TO STRIKE THE CHARGE OF ILLEGAL REENTRY BUT HE DID NOT, INSTEAD INDUCING HIM TO PLEA GUILTY TO THE CHARGE AND SIGN A PLEA AGREEMENT WHEREBY HE WOULD BE SENTENCE TO **57 MONTHS** IMPRISONMENT. THE CASE AND PREJUDICE PRONGS OF **STRICKLAND** ARE MANIFESTLY ESTABLISHED.

THE COURT IS THEREFORE DEFERENTIALLY URGED TO VACATE MOVANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF TITLE **8 U. S. C. 1326(a)**. IN LIGHT OF THE **PACHECO- MEDINA** RULING AND THE EFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS PRESENTED HEREIN ANYTHING LESS THAN THIS WOULD BE AN INJUSTICE.

22

## CONCLUSION

WHEREFORE, PETITIONER RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANTS HIM THE FOLLOWING RELIEF:

FOR THE ABOVE LISTED REASONS, THE DEFENDANT **ALFREDO GARCIA GONZALEZ** REQUEST THAT THIS COURT SENTENCE MR. GARCIA TO NO MORE THAN 24 MONTHS IMPROSINMENT. TWENTY-FOUR MONTHS IMPRISONMENT FOR THE OFFENCE OF ILLEGALLY RE-ENTRING THIS COUNTRY IS MORE THAN SUFFICIENT PUNISHMENT, AND SERVES THE PURPOSES OF PUNISHMENT AS SET FORTH IN 18 U.S.C. § 3553 (A).

1   ACCEPT JURISDICTION TO RULE IN THE FOLLOWING MOTION;

2   ISSUED AN ORDER ACCEPTING PETITIONER'S CLAIMS HEREIN PRESENTED REBUTTING IN SUPPORT OF §2255.

3   ISSUED AN ORDER RESQUESTING AN EVIDENTIARY HEARING MAY DETERMINED THE CLAIMS PRESENTED ON THE MOTION TO VACATE; AND

ANYOTHER RELIEF THIS HONORABLE COURT DEEMS AS PROPER TO GRANT THE PETITIONER.

**EXCUTED THIS 14TH DAY OF JANUARY 2004.**

RESPECTFULLY SUBMITTED, *Alfredo Garcia Gonzales*

**ALFREDO GARCIA GONZALEZ**

**REG. NO. 18069-179**

**INTERSTATE UNIT**

**1801 WEST I-20**

**BIG SPRING TEXAS 79720**