United States District Court
Southern District of Texas
FILED

NOV 2 2 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff-Respondent,** | § | |
| | § | |
| **vs.** | § | **Cr. No.  B-02-505** |
| | § | **C.A. No. B-04-013** |
| **ALFRED GARCIA GONZALEZ,** | § | |
| **Defendant-Petitioner.** | § | |
| | § | |

**(Magistrate Judge Felix Recio)**

## UNITED STATES' ANSWER
## TO MOVANT'S SECTION 2255 MOTION
## AND UNITED STATES' MOTION FOR DISMISSAL AND BRIEF

The United States of America, hereinafter "the Government," by and

through the United States Attorney for the Southern District of Texas, files its

Answer to Movant's Section 2255 Motion, and its Motion for Dismissal, and

Brief.  In support of its Answer and Motion, the Government respectfully shows

the Court the following:

## I.

## <u>JURISDICTION</u>

Alfred Garcia Gonzalez ("Gonzalez") challenges the judgment of

conviction and sentence imposed by this Court, on March 3, 2003, and entered

by the district clerk on March 13, 2003(Dkt. 27).[1]  Gonzalez, on January 30,

2004, in Civil Action No. B-04-013, filed his Motion to Vacate under 28 U.S.C.§

2255 (Dkt 28).  It appears that his motion is timely and this court has jurisdiction

under 28 U.S.C. § 2255.

**II**

**STATEMENT OF THE CASE**

**A.    Course Of Proceedings.**

On September 10, 2002, in the United States District Court for the Southern

District of Texas, Brownsville Division, a grand jury returned a single-count

Indictment charging Gonzalez, in Count 1, as an alien unlawfully found in the

United States after deportation, having been convicted of an aggravated felony, in

violation of 8 U.S.C. §§ 1326(a) and 1326(b).

On December 5, 2002, Gonzalez, pled guilty to Count 1 of the Indictment

(Dkt 1).  The plea was entered pursuant to a written Rule 11(e)(1)(B).[2]  (Dkt 19.)

On March 3, 2003, the Court sentenced Gonzalez to 57 months in the

custody of the Bureau of Prisons, a 3 year term of supervised release, and a $100

special assessment, remitted, as to Count 1.  (Dkt 25.)  No appeal was taken in

---

[1] "Dkt" refers to the district clerk's docket.  The number following is the item number.

[2] Rule 11(e)(1)(B), F.R.Crim.P, has been re-numbered as Rule 11(c)(1)(B).

this case.

**B.     <u>Statement Of Facts Underlying The Conviction</u>.**

<u>Offense Conduct</u> [3]

On  October 3, 1988, Gonzalez was convicted for Murder, in the 179th

District Court, Houston, Texas, Case No. 5000704.  He was sentenced to

fourteen years in prison and deported to Mexico on May 3, 2002, through

Laredo, Texas, Port of Entry. (PSR, ¶ 4.)

Less than four months later, on August 23, 2002, U.S. border Patrol

agents responded to a sensor which had been activated within the area of

Amigoland in Brownsville, Texas.  The agents encountered two individuals in the

brush who were wet and muddy.  Both were interviewed and its was determined

they did not possess legal documents to remain in the United States.  They were

arrested and transported to the U.S. Border Patrol station in Brownsville, Texas,

for further processing.  (PSR, ¶ 5,)  The use of the IDENT system revealed that

Gonzalez had been previously deported to Mexico after serving a prison

sentence.  Fingerprint analysis submitted to the Federal Bureau of Investigation

---

[3] Unless otherwise indicated, all references in the Statement Of Facts Underlying The
Conviction are to the facts set forth in the Presentence Report ("PSR") (Dkt. 23) under the
heading "<u>Offense Conduct</u>" which was adopted by the District Court (ST at p. 2). ("ST" refers to
the Sentencing Transcript and the number following refers to the page (Dkt 37)); "RT" refers to
the Re-Arraignment Transcript and the number following refers to the page ( Dkt. 33).)

confirmed Gonzalez's identity.  (PSR ¶ 6.)

## III.

## ISSUES RAISED IN THE § 2255 Motion

Mr. Gonzalez, in his 2255 Motion, presents several issues which he claims entitles him to the relief he seeks.

Issue 1:    Whether the term of imprisonment, imposed by the Court, should have been two years instead of fifty-seven months?

Issue 2:    Whether the Court should grant a downward departure on the basis of Gonzalez's alleged cultural assimilation?

Issue 3:    Whether defense counsel rendered ineffective assistance due to his alleged lack of knowledge of a 9th Circuit Court ruling and his alleged failure to have the charge dismissed?

Issue 4:    Whether Gonzalez was prejudiced by his defense counsel's alleged insistence that he, Gonzalez, sign a plea agreement?

The United States contests these allegations and submits that, in light of the record, they are insufficient to raise a factual issue that, if resolved in Gonzalez's favor, would entitle him to relief.

4

# IV.

## AUTHORITIES AND ARGUMENT

### A. Authorities.

### 28 U.S.C. § 2255.

To prevail on a motion to vacate sentence under 28 U.S.C. § 2255, the movant must allege and demonstrate one of four grounds: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255;  *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995)(citations omitted).  Once an appeal of a conviction is exhausted or, if the right to appeal was waived, courts are "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1594 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)).  Thus, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United*

5

*States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *See*

*Davis v. United States*, 417 U.S. 333, 346 , 94 S.Ct. 2298, 2305 (1974); *Hill v.*

*United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

### Ineffective assistance of counsel.

### Standard of Review

To establish ineffective assistance of counsel, the §2255 movant must

allege and prove (1) that his counsel's performance was deficient and (2) that he

was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-

88, 104 S.Ct. 2052, 2064-65 (1984); *United States v. Walker*, 68 F. 3d 931, 934

(5th Cir. 1995); *see Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495,

1511 (2000); *see also Glover v. United States*, 531 U.S. at 198, 202-04, 121

S.Ct. 696, 700-01(2001)(discussing factors to consider in evaluating a claim to

demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively

unreasonable. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65; *Hernandez v.*

*Johnson*, 213 F.3d 243, 249 (5th Cir. 2000); *United States v. Walker*, 68 F. 3d at

934. To prevail on a claim that counsel's performance was so defective as to

require reversal of a conviction, the movant must show that counsel made errors

so serious that he was not functioning as the "counsel" guaranteed by the Sixth

6

Amendment and that the deficient performance actually prejudiced the defense. The latter requires a showing that counsel's errors were so serious as to deprive movant of a fair trial, that is, a trial whose result is reliable.

Constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 124 S.Ct. 1, at 6, 157L.Ed.2d 1 (October 20, 2003). The determination of whether counsel has rendered reasonably effective assistance turns in each case on the totality of facts in the entire record. Thus, each case must be judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defenses. *Baldwin v. Maggie*, 704 F.2d 1325, 1329 (5th Cir. 1983).

Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover*, 531 U.S. at 204, 121 S.Ct. at 701 (citing cases). Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement.

7

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.   Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case.   *United States v. Woods*,  870 F. 2d 285,  288  n.3 (5th Cir. 1989);  *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'").

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim.  *United States v. Abner*, 825 F.2d 835, 846 n.18 (5th Cir. 1987).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064-65; *see also Carter v. Johnson*, 131 F.2d 452, 463 (5th Cir. 1997).

A claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general

8

rule, cannot be resolved on direct appeal. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (citing *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992)).

B.    **ARGUMENT**

Gonzalez's first and second issues are discussed together.

1.    **Gonzalez's first issue**.

Issue 1:    Whether the term of imprisonment, imposed by the Court, should have allegedly been two years instead of fifty-seven months?

2.    **Gonzalez's second issue**.

Issue 2:    Whether the Court should grant a downward departure on the basis of Gonzalez's alleged cultural assimilation?

With reference to Issue 1, concerning the term of imprisonment, the Fifth Circuit has held repeatedly that a district court's guideline calculations are not cognizable in a proceeding under 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, a petitioner may move the court to vacate, set aside or correct the sentence on the basis that:

> the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law,  or is otherwise subject to collateral attack . . .

9

*United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). A challenge to a

sentencing judge's technical application of the sentencing guidelines may not be

raised in a § 2255 proceeding. Such questions are capable of being raised on

appeal and do not implicate any constitutional issues. *Faubion*, 19 F.3d at 233

(citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States*

*v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989); and *United States v. Smith*,

844 F.2d 203, 205-06 (5th Cir. 1988)). The *Faubion* court concluded that

Faubion's claims could not be entertained in a § 2255 proceeding. *Faubion*, 19

F.3d at 233 n.37. See also *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir.

1995).

A claim that the district court erred in its application of the Sentencing

Guidelines is not grounds for section 2255 relief, because "technical application of

the Sentencing Guidelines does not give rise to constitutional issues." *United*

*States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *Vaughn*, 955 F.2d

at 368). This applies even if the defendant/petitioner was prevented from raising

the issue on direct appeal due to a waiver of that appeal, because the alleged

sentencing error "does not result in a fundamental defect inherently resulting in a

complete miscarriage of justice." *Cervantes*, 132 F.3d at 1109 (citing *Smith*, 844

F.2d at 206). Gonzalez's claim should be rejected.

10

With reference to Issue 2, whether the Court should grant a downward departure on the basis of alleged cultural assimilation, Gonzalez did not raise this issue on direct appeal. Therefore, he is procedurally barred from raising this issue in the present action unless he can establish cause and actual prejudice concerning why he failed to raise the issue prior to this present action. A defendant cannot raise an issue for the first time on collateral review without showing both "cause for his procedural default, and actual prejudice resulting from the error." *United States v. Said*, 937 F.2d 228, 232 (5th Cir. 1991)(en banc), *cert denied*, 502 U.S. 1076, 112 S.C. 978 (1992) (citing *United States v. Fray*, 456 U.S. 152, 168, 102 S.C. 1584, 1594 (1982)). The "cause and actual prejudice standard" is "a significantly higher hurdle than the plain error standard" applied on direct appeal. *Id*. A defendant must reach this "higher hurdle" even when alleging a fundamental constitutional error. *Id*. (citing *Murray v. Carrier*, 477 U.S. 478, 493, 106 S.C. 2639, 2648 (1986)). The only acknowledged exception to the application of this high standard is in the "extraordinary" case where an actual innocent person has been wrongly convicted. *Said*, 937 F.2d at 232. This exception does not apply in this case

11

since Gonzalez admitted his guilt. (RA at p. 3, 5 and 7.)[4]  Inasmuch as Gonzalez

has not met his burden of demonstrating cause and prejudice for failing to

previously raise this claim, he is procedurally barred from bringing it in this

action.

**3.    <u>Gonzalez's third issue</u>.**

Whether defense counsel rendered ineffective assistance  (a) due to his lack

of knowledge of a 9th Circuit ruling and (b) counsel's alleged failure to have the

charge against Gonzalez dismissed.

With reference to (a) <u>defense counsel's alleged lack of knowledge of the 9th</u>

<u>Circuit ruling</u>, in  *United States v. Pacheco-Medina,* 212 F.3d 1162 (9th Cir.

2000), and Gonzalez's allegation that it applies to this case, Gonzalez has not

shown, other than by conclusory allegation, in what respect defense counsel was

deficient or how counsel's alleged deficiency prejudiced Gonzalez. A failure to

prove either deficient performance or actual prejudice is fatal to an ineffective

assistance claim. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) (citing

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)).

In *Pacheco-Medina, Id.*, the defendant, who had been previously deported

---

[4] "RA" refers to the rearraignment transcript; "ST" refers to the sentencing transcript.

12

two days earlier, was captured within a few yards of the border after climbing the international boundary fence.  The defendant, who ran by the Border Patrol Agent, who instantly gave chase, never left the Agent's sight except for a split second as he rounded a corner and within a few yards of the border when he was captured and taken into custody.  At trial, the defendant moved for an acquittal claiming that because he was never free from official restraint, in legal contemplation he had not even entered the United States.  The district court disagreed and he was convicted and sentenced and his appeal ensued.  The Ninth Circuit found that: "In short, on the facts of this case, the conclusion that Pacheco did not 'enter' the United States is ineluctable."  In holding that the defendant, Pacheco, was under official restraint the whole time, he therefore had not "entered" the United States.  *Pacheco-Medina*, at 1165.

The instant case is clearly distinguishable.  Border Patrol agents responded to a sensor which had been activated within the area of Amigoland in Brownsville, Texas, where Agents "encountered two individuals who were wet and muddy." (PSR, ¶ 5.)  Gonzalez, who was previously deported, was one of the two "wet and muddy" individuals who were arrested and transported to the U.S. Border Patrol station in Brownsville, Texas.  Unlike the defendant in *Pacheco-Medina*, Gonzalez pled guilty to knowingly and unlawfully being

13

present in the United States, having been found in Cameron County, Texas.  (RA at p.3.)  Gonzalez's misguided reliance on the *Pacheco-Medina* case  to support his claim that he had not "entered" the United States is without merit.

With reference to (b) <u>defense counsel's alleged failure to have the charge against Gonzalez dismissed</u>, Gonzalez's claim has no merit since the basis for this allegation is Gonzalez's incorrect reliance on the *Pacheco-Medina* case which is inapplicable here.  Defense counsel did not render ineffective assistance, for allegedly failing to seek a dismissal of the charge against Gonzalez, for the reason that there was no legal basis for seeking a dismissal in view of the fact that Gonzalez pled guilty to the Indictment.  Moreover, Gonzalez, at the rearraignment hearing, after having had the indictment read to him by the prosecutor, was asked:

MS. KIRKPATRICK:    And how do you plead, sir, guilty or not guilty?

THE DEFENDANT:    Guilty.

(RA at 3.)

Additionally, after being admonished by the Court as to what his rights would be if he proceeded to trial and what his rights would be if he pled guilty, the following colloquy took place:

14

THE COURT:    Understanding what I've told you, do you still want to plead guilty?

THE DEFENDANT:    Yes, sir.

THE COURT:    Now, the Government says you broke the law by coming back to this country illegally with [sic] [5] the consent of the Attorney General, after you'd been deported. And the reason you'd been deported was because you committed an aggravated felony. Do you understand that?

THE DEFENDANT:    Yes, sir.

THE COURT:    Do you have any questions about those charges?

THE DEFENDANT:    No, I understand.

THE COURT:    Do you understand that the maximum penalty for this offense is 20 years confinement, a $250,000 fine, a three-year supervised release term, and a $100 special assessment?

THE DEFENDANT:    Yes, sir.

(RA at 5 - 6.)

---

[5] This appears to be a typographical error, the word "with" should read "without".

15

It is clear that defense counsel was not ineffective for allegedly failing to seek a dismissal of the charge, against Gonzalez, since Gonzalez pled guilty to the indictment. It is also clear that defense counsel did not render ineffective assistance for failing to seek a dismissal of the Indictment, on the basis of the Ninth Circuit's *Pacheco-Medina* ruling, for the reason that the *Pacheco-Medina* ruling does not apply to this case.  Gonzalez's claim is without merit and should be rejected.

**4.    <u>Gonzalez's fourth issue</u>.**

Whether Gonzalez was prejudiced by his defense counsel's alleged insistence that he, Gonzalez, sign a plea agreement?

Gonzalez argues that he:

> "... suffered prejudice thru [sic] his attorney ['s] insistence that he sign a plea agreement whereby he received fifty seven months [imprisonment] for the crime [of] illegal reentry, a crime ... he did not commit."  (2255 Motion, pp 17 - 18.)

In *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), the Court stated that:

> "[T]o be constitutionally valid, a guilty plea must be knowing and voluntary.  *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir.

16

1989).  Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises.  *See id.*  On the other hand, a defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath.  *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).  'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977)."

With regard to counsel's performance in relation to a criminal defendant's decision to plead guilty, the Supreme Court has observed that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448 (1970).  "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *Id.*  Whether a guilty plea is unintelligent "depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal

17

cases." *Id.* 397 U.S. at 770-71, 90 S.Ct. at 1448-49.  "Where a defendant can show

that the court, the prosecutor or defense counsel induced his guilty plea by clearly

and unequivocally *guaranteeing* a lesser sentence or some other specific leniency,

the guilty plea is not voluntary unless the defendant receives that which he was

promised." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002)(citation omitted,

emphasis in original).  The Fifth Circuit has recognized that there is no

requirement that defense counsel accurately predict how the guidelines will apply

in order for a guilty plea to be voluntary. *United States v. White*, 912 F.2d 754,

756 (5th Cir. 1990) (citations omitted). "The Constitution requires only that the

defendant understand the maximum possible prison term and fine for the offense

charged." *Id.*  The record affirmatively demonstrates that Gonzalez was aware of

the maximum penalty for the offense to which he was pleading guilty.  At the time

of his guilty plea, the court informed Gonzalez that, by pleading guilty he was

facing a maximum range of twenty years (RA at 5 -6).

Moreover, in a colloquy with the Court, during the rearraignment, the Court,

admonishing Gonzalez regarding his guilty plea and supervised release, asked:

THE COURT:     Understanding what I have told you, do you

still want to plead guilty?

THE DEFENDANT:     Yes, sir.

18

(RA, at pp. 5 - 6.)

    THE COURT:  Has anybody threatened you or forced you

to plead guilty when you didn't want to?

    THE DEFENDANT:  No, sir.

  Gonzalez's claim that he was prejudiced by his defense counsel's alleged

insistence that he sign a plea agreement is without merit and should be denied.

**V.**

**<u>EVIDENTIARY HEARING</u>**

  A section 2255 Motion requires a hearing unless the files, the motion and

record of the case conclusively show that no relief is appropriate.  28 U.S.C.§

2255 (foll.), Rule 8(a).  *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983).

The need for an evidentiary hearing depends upon an assessment of the record.

If the district court cannot resolve the allegations without examining evidence

beyond the record, it must hold a hearing.  If the record is adequate to fairly

dispose of the allegations, the court need inquire no further.  *United States v.

Smith*, 915 F.2d 959, 964 (5th Cir. 1990).  Based on the record, an evidentiary

hearing is not warranted in this case.

  Although the allegations of a *pro se* complaint are held to a less stringent

19

standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

## VI.

## <u>MOTION TO DISMISS</u>

The United States moves the Court to grant the government's motion to dismiss Alfred Garcia Gonzalez's Section 2255 relief.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: JOE MIRSKY
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State Bar No. 14202000
Fed. Id. No. 14448
(713) 567-9513
Facsimile: (713) 718-3302

20

## **CERTIFICATE OF SERVICE**

I certify that on November 19, 2004, a true and correct copy of the

government's Answer and Motion to Movant's 28 U.S.C. § 2255 motion was

mailed via certified mail, return receipt requested, to:

Alfredo Garcia Gonzalez
Federal Inmate No. 18069-179
Interstate Unit
1801 West I-20
Big Spring, TX 79720

JOE MIRSKY
Assistant United States Attorney

21