UNITED STATES DISTRICT COURT  opinion
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |  | |
|---|---|---|---|
| ALFREDO GARCIA GONZALEZ, | § | | |
| | § | | |
| Petitioner, | § | | |
| VS. | § | CIVIL ACTION NO. B-04-13 | |
| | § | (Cr. No. B-02-505) | |
| UNITED STATES OF AMERICA, | § | | |
| | § | | |
| Respondent. | § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Movant Alfred Garcia Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Docket No. 1). Along with its answer, the government has submitted a Motion to Dismiss (Docket No. 11) which will also herein be considered. For the reasons explained below, Movant's request for relief should be DENIED and his § 2255 motion DISMISSED.

### BACKGROUND

Movant was convicted of murder in the 179th District Court, Houston, Texas, on October 3, 1998, and sentenced to 14 years in prison. He was later deported to Mexico on May 3, 2002 through Laredo, Texas. On August 23, 2002, Movant was arrested in Brownsville, Texas after being discovered by United States Border Patrol Agents. He was later charged with being an alien unlawfully found in the United States after deportation, having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). On December 5, 2002, Movant pleaded guilty to the above offense. He was sentenced to 57 months in prison and 3 years

supervised release on March 3, 2003 (B-02-505, Docket No. 25). It is this sentence that Movant challenges in his 28 U.S.C. § 2255 motion.

## ALLEGATIONS

In his motion Gonzalez argues that he is entitled to habeas corpus relief on multiple grounds. In his first two claims Gonzalez questions the validity of the sentence imposed by the district court in his case. Gonzalez claims that the term of imprisonment he received from the court should have been limited to 2 years and that the court was required to grant him a downward departure based on cultural assimilation. Movant's last two grounds of error concern the performance of his appointed counsel. He alleges that he did not receive effective assistance of counsel because his attorney lacked knowledge of a particular Ninth Circuit opinion. Additionally, Movant argues that his attorney pressured him into signing his plea agreement.

## DISCUSSION

I.   **Sentencing Issues**

*i.   Validity of Gonzalez's sentence*

1   In his first ground of error Movant claims that the 57 month sentence imposed upon him by the district court was above the 2 year maximum allowed under the sentencing guidelines for a defendant convicted of an offense under 8 U.S.C. § 1326. As an initial matter, the Court notes that claims regarding a judge's technical application of the sentencing guidelines do not give rise to constitutional issues and as such, Movant's first ground of error is not cognizable under § 2255. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). The Fifth Circuit has held that these types of alleged sentencing errors are not fundamental defects resulting in a "complete miscarriage of justice". *Id.* at 1109 (quoting *United States v. Smith*, 844 F.2d 203, 206 (5th Cir. 1988)).

2   In addition to the above, Movant's claim also fails on the merits. He alleges that the Supreme Court's decision in *Apprendi v. New Jersey* prohibits the use of a prior conviction for purposes of a sentence enhancement. 530 U.S. 466 (2000). Movant, however, misreads the Supreme Court's holding in that case. In *Apprendi* the Supreme Court held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of a prior conviction* , must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490. In Movant's case it was his previous conviction for murder that lead to his sentence enhancement. Additionally, the Fifth Circuit has held that in § 1326 cases "the government is not required to prove to the jury that the defendant was previously deported subsequent to a conviction for commission of an aggravated felony". *United States v. Delgado-Nunez* , 295 F.3d 494, 498 (5th Cir. 2002)(internal citations omitted). Thus, under Supreme Court and Fifth Circuit precedent, Movant's first claim fails.

*i.*   *Cultural assimilation argument*

1   Movant alleges in his second ground of error that he should have received a downward departure based on his alleged cultural assimilation. He cites *United States v. Lipman* , in which the Ninth Circuit held that cultural assimilation is a legitimate ground for downward departure, as support for this argument. 133 F.3d 726 (9th Cir. 1998). Movant's reliance on *Lipman* is, however, misplaced.

2   In *United States v. Rodriguez-Montelongo,* the Fifth Circuit also recognized that cultural assimilation could be used as a ground for downward departure. 263 F.3d 429, 433 (5 Cir. 2001). Since this Court is bound by Fifth Circuit precedent, as opposed to that of the Ninth Circuit, it is this case that will serve as the framework for an evaluation of Movant's claim. The defendant in

the *Rodriguez-Montelongo* case asked for a downward departure based on cultural assimilation at sentencing. 263 F.3d at 430. The district court, however, refused to acknowledge cultural assimilation as a basis for downward departure and denied his request without looking to the merits. *Id.* at 431. The Fifth Circuit subsequently vacated the sentence entered by the district court in that case with instructions to determine whether the defendant's particular circumstances warranted a downward departure. *Id.* at 434. In the instant situation, Movant did not request such a departure. He apparently expected the district court to, *sua sponte*, adjust his sentence based on cultural assimilation. Neither *Rodriguez-Montelongo* nor *Lipman* go so far as to stand for this proposition. In fact both circuit courts noted that "insofar as the factor of cultural assimilation is akin to the factor of family and community ties, a discouraged factor, the district court has the authority to depart in only extraordinary circumstances". *Rodriguez-Montelongo*, 263 F.3d at 433 n. 4 (quoting *Lipman*, 133 F.3d at 730) (internal citations omitted). Movant did not argue that such circumstances existed in his case at sentencing nor upon direct appeal and cannot do so now for the first time as he has shown neither "cause" for his procedural default, nor "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). He is thus procedurally barred from asserting that the court should have granted a downward departure based on cultural assimilation.

3   As with Movant's first claim, this allegation is not only procedurally flawed but also fails on the merits. As noted above, a court may only grant a downward departure based on cultural assimilation in extraordinary circumstances. *Rodriguez-Montelongo*, 263 F.3d at 433 n. 4. The Fifth Circuit has noted that a downward departure can be supported by evidence that a defendant has lived virtually all his life in the United States, has family in this country, and was educated

here. *United States v. Castillo,* 386 F.3d 632, 638 (5th Cir. 2004). In the instant case, Movant asserts that he lived half of his life in Mexico and that one of his primary motives for returning to the United States was economic (Docket No. 1 at 14-15). Furthermore, he stated at the sentencing hearing that his family lives in Matamoros, Mexico (Sentencing Hearing Transcripts at 4). Thus, he has not alleged the type of connections required to justify a downward departure based upon cultural assimilation and this claim lacks merit. *Castillo,* 386 F.3d at 638.

## II.     Ineffective Assistance of Counsel Claims

*i.     Ineffective assistance standard*

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116

F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

6   The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.*

7   Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

8   In *Hill v. Lockhart*, the Supreme Court explained how the two-part *Strickland* test for determining ineffective assistance of counsel should be applied in cases where a petitioner entered a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Under the interpretation of the *Strickland* test set out in *Hill*, a petitioner "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In order to show attorney error, a petitioner must establish that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases". *Hill*, 474 U.S. at 58-59. To satisfy the "prejudice" prong, a petitioner must affirmatively prove that "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *Armstead*, 37 F.3d at 206. Thus mere allegations of prejudice are not sufficient. *Armstead*, 37 F.3d at 206. Furthermore, the Court's determination of prejudice must take into account what the likely outcome of a trial would have been. *Armstead*, 37 F.3d at 206. In *Lockhart v. Fretwell*, the Supreme Court further refined the test by requiring courts to determine whether counsel's deficient performance, "caused the outcome to be unreliable or the proceeding to be fundamentally unfair," even in cases where a petitioner pleaded guilty. 506 U.S. 364, 372 (1993).

*i.     Attorney's knowledge and use of case law*

1   Movant claims that his attorney did not render effective assistance of counsel because he failed to advance arguments based on *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000). In *Pacheco-Medina*, the defendant was observed climbing over an international boundary fence by video surveillance. Within seconds a border patrol agent arrived on the scene and observed the defendant jump from the fence and land in the United States. The border patrol agent then gave chase, and but for a split second, the defendant was not out of his sight before apprehension. *Id.* at 1163. The Ninth Circuit held that the defendant had not actually managed to enter the United

States, as "enter" was legally defined, because he was under official restraint the entire time he was attempting to do so. *Id.* at 1162. The court reversed the defendant's conviction and ordered entry of acquittal. *Id.*

2   Movant's case is dissimilar from that of the defendant in *Pacheco-Medina* . He was caught by a border patrol agent near Amigoland in Brownsville, Texas *after* having crossed the border. He was not under observation during his crossing. Furthermore the defendant in *Pacheco-Medina* moved for acquittal at the trial stage based on the "official restraint" theory later accepted by the Ninth Circuit. *Id.* at 1163. In the instant case Movant pleaded guilty. In light of these factual differences *Pacheco-Medina* does not apply to Movant's case. Therefore, Movant's attorney did not act unreasonably by declining to make arguments based on *Pacheco-Medina* nor did he err by failing to seek a dismissal based on that case. Movant has failed to show that his lawyer's actions were outside the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 58-59. Thus, he has not shown that his attorney performed deficiently as required by *Strickland.* 466 U.S. at 700. Accordingly, Movant's initial ineffective assistance of counsel claim fails.

*i.*   Movant's guilty plea

1   In his final ground of error, Movant alleges that he was prejudiced by his attorney's insistence that he enter into a plea agreement with the government. As the Fifth Circuit notes in *United States v. Cervantes,* "[t]o be constitutionally valid, a guilty plea must be knowing and voluntary." 132 F.3d 1106, 1110 (5th Cir. 1998). Movant offers no evidence, aside from unverified allegations, that he was coerced or otherwise forced into signing his plea agreement. In short, he has not shown that his plea agreement with the government was anything but knowing and voluntary.

2   By signing the agreement Movant confirmed that he understood its contents and wished to plead guilty. Furthermore, his attorney certified that he carefully reviewed the plea agreement with

Petitioner and explained its import (Crim. Docket No. 19 at 9). Movant also signed a statement at the end of the plea agreement in which he states that he entered into the agreement voluntarily (Crim. Docket No. 19 at 9). At rearraignment Movant was informed by the presiding judge of the rights he was waiving by signing the agreement. The presiding judge also asked Movant: [h]as anybody threatened you or forced you to plead guilty when you didn't want to?" (Docket No. 33 at 5-6). Movant answered in the negative. *Id.* It is well settled that a movant's declarations in open court carry a strong presumption of verity, forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant has offered no reason for the Court to question this presumption. Thus his final claim also fails.

### III. Evidentiary Hearing

In the instant case the record is clearly adequate to dispose fairly of the Movant's allegations. Thus an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

### RECOMMENDATION

For the aforementioned reasons, Movant's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED. Furthermore, the Government's Motion to Dismiss (Docket No. 11) should be GRANTED.

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 21st day of April, 2005.

                                              Felix Recio
                                              United States Magistrate Judge