United States District Court
Southern District of Texas
FILED

JUL 05 2005

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, plaintiff-respondent,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO.B-04-013 (CR.NO.B-02-505)** |
| **ALFREDO GARCIA GONZALEZ, defendent-petitioner.** | § § | |

**OBJECTIONS TO PROPOSED FINDINGS**

First district court erred by sentencingMr.Gonzalez pursuant to the mandatory sentencing guidelines invalidated by the Supreme Court in Apprendi v. New Jersey,530 u.s.466(2000)also in recent rulings(see)Blakely v. Washington,124S.Ct.2531(2004) United States v. Booker,125 S.Ct.738(2005) and United States v. Fanfan.
Mr.Gonzalez was charged with violating 8U.S.C.§1326(a)and(b)movants previous "agravated felony conviction" was used for enhancement, however beacuse the existance of this prior conviction was not found beyond a reasonable doubt **by a jury**,and furthermore Mr.Gonzalez's councel knew or should have known and argued that the maximum penalty for thi case is 24 months.Councel also knew or should have known of the 9th Cir. ruling in the United States v. Pacheco-Medina 212 Ferd. 1162(9thCir.2000)Councel should have by ethical obligation informed Mr.Gonzalez and argued in his defence,before pressuring him into signing his plea agreement.
In light of all this the District Court erred in sentencing Mr. Gonzalez to a prison sentence in excess of two years and a supervised release term in excess of one year.

**CONCLUSION**

Althogh Almendares-Torres v. United States,523U.S.224 (1998),forecloses this argument,there are indications that the Supreme Court will overrule Almendares-Torres in the near future. Mr.Gonzalez raises this issue solely to preserve it for a subsequent appeal to the United States Supreme Court.Mr.Gonzalez served fourteen years day for day for the murder conviction,in Harris Co. and TDCJ-ID fom May2,1988 to May3,2002.It is unjust to punish him again for a conviction that is totally irrelevant to the immediate offence.

**CONCLUSION**

cloncluded

Wherefore,petitioner prays that the Honorable Court grants him relief for the listed reasons.The petitioner Alfredo Garcia Gonzalez request that the Court sentence Mr. Garcia Gonzalez to no more than twenty-four months inprisoment for the offence 8U.S.C.§1326(a)and(b).Which is more than sufficent punishment,and serves the purpose of punishment set forth in 18U.S.C.§3553(a).

EXECUTED THIS 23rd DAY OF JUNE 2005

RESPECTFULLY SUBMITED Gonzales A.G.

ALFREDO GARCIA GONZALEZ
REG.NO.18069-179
INTERSTATE UNIT
1801 WEST I-20
BIG SPRING,TEXAS 79720

OPINION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Respondent, | § § § | |
| v. | § § | CIVIL ACTION NO. B-04-013 (CR. NO. B-02-505) |
| ✓ALFREDO GARCIA GONZALEZ, Defendant-Petitioner. | § § | |

**MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION**

Before the Court is Movant Alfredo Garcia Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Docket No. 1). Along with its answer, the government has submitted a Motion to Dismiss (Docket No. 11) which will also herein be considered. For the reasons explained below, Movant's request for relief should be DENIED and his § 2255 motion DISMISSED.

**BACKGROUND**

error

Movant was convicted of murder in the 179th District Court, Houston, Texas, on October 3, 1998, and sentenced to 14 years in prison. He was later deported to Mexico on May 3, 2002 through Laredo, Texas. On August 23, 2002, Movant was arrested in Brownsville, Texas after being discovered by United States Border Patrol Agents. He was later charged with being an alien unlawfully found in the United States after deportation, having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). On December 5, 2002, Movant pleaded guilty to the above offense. He was sentenced to 57 months in prison and 3 years supervised release on March 3, 2003 (B-02-505, Docket No. 25). It is this sentence that Movant challenges in his 28 U.S.C. § 2255 motion.



14yr sentence fully discharged.

incarcerated in Harris Co. and TDCJ-ID from May 2, 1988, to May 3, 2002